IN THE STATE OF COURT OF FULTON COUNTY
STATE OF GEORGIA

MOHAMMED A. HOQUE
SHAHANA HOQUE

PLAINTIFFS

v. CIVIL ACTION NO. ______________

TOYOTA MOTORS SALES, USA, INC.

DEFENDANT

**COMPLAINT FOR DAMAGES**

Plaintiffs Mohammed A. Hoque (hereinafter referred as 'Plaintiff') and Shahana Hoque file this Complaint for Damages against Defendant Toyota Motors Sales, USA, Inc., and state as follows:

1.

Plaintiffs are individuals residing in Gwinnett County of State of Georgia.

2.

Defendant is a corporation authorized to do business in the State of Georgia. Upon service of second original copy of this Complaint on Defendant's Registered Agent CT Corporation Systems located at 1201 Peachtree Street, NE; Atlanta, GA 30361; Defendant will be subject to the jurisdiction of this Court.

3.

On or about 27 August 2007, Plaintiff Mohammad Hoque, wearing the seatbelt, was driving 1994 Toyota Camry equipped with driver side airbag.

4.

On or about 27 August 2007, Plaintiff Shahana Hoque wearing the seatbelt was front passenger in aforesaid 1994 Toyota Camry.

5.

Defendant designed, created, produced, made, constructed, assembled, manufactured, sold, the 1994 Toyota Camry and its airbag with Vehicle Identification Number JT2GK13E5R0041185.

6.

On or about 27 August 2007, on Gloster Road in Gwinnett County, the front side of Plaintiff's Toyota Camry was struck by another vehicle driven Mariam Ba of 6048 Williams Road, Norcross, GA 30093.

7.

During the aforesaid collision, the airbag in Plaintiff's car opened up. The airbag violently smashed on Plaintiff's face, shattered the frame and lens of the eye glasses Plaintiff was wearing, injured his face, and destroyed the vision in Plaintiff's left eye.

8.

Defendant is statutorily, strictly, and negligently liable for injuries to the Plaintiff for defective airbag in Plaintiff's 1994 Toyota Camry that was unreasonably dangerous, not merchantable, and not fit for the purpose intended, that is, to protect Plaintiff from injury in the event of collision. The forceful deployment of the airbag directly and proximately caused injuries to Plaintiff.

9.

The airbag was defective because of there was no or inadequate warning, both in content, size, and the method and location of the warning, indicating or stating that the airbag in Plaintiff's 1994 Toyota Camry deploys violently, forcefully, and dangerously and causes severe injuries to driver of the vehicle i.e. Plaintiff, and that aforesaid defect directly and proximately caused injuries to Plaintiff.

10.

Defendant committed tort by failing to adequately communicate the warning to the ultimate user or Plaintiff and by failing to provide adequate warning of the product's potential risk, and that Defendant's tort directly and proximately caused injuries to Plaintiff.

11.

Defendant committed tort by breaching the duty to warn Plaintiff of non obvious foreseeable dangers from the normal use of its product, and that Defendant's tort directly and proximately caused injuries to Plaintiff.

12.

Defendant committed tort against Plaintiff by breaching the duty to warn of the known or reasonably knowable dangers of the airbag, and by breaching the continuing duty to adequately warn Plaintiff of defects in aforesaid 1994 Toyota Camry even after the airbag left the control of Defendant, and Defendant's tort directly and proximately caused injuries to Plaintiff.

13.

As a direct and proximate result of Defendant's tort liability for defective airbag in the aforesaid collision, Plaintiff Hoque suffered and will continue to suffer bodily injuries, permanent disability and diminished physical capacity, and pain and mental suffering.

14.

As a direct and proximate result of Defendant's tort liability for defective airbag in the aforesaid collision, Plaintiff Hoque has incurred following expenses in the sum of $72,949.36 (seventy two thousand nine hundred forty nine dollars and thirty six cents) for medical care, treatment and hospitalization for the treatment of the bodily injuries:

| | |
|---|---|
| Northside Hospital | $35,835.00 |
| Thomas Eye Group | $ 8,654.82 |
| North Metropolitan Radiology Associates, LLP | $ 506.00 |
| Georgia Retina, PC | $ 541.54 |
| Gwinnett Anesthesia Service, PC | $ 3,355.00 |
| Gwinnett Hospital | $23,432.00 |
| Pathology & Laboratory Medicine, PC | $ 125.00 |
| Norcross Medical Clinic | $200.00 |
| Gwinnett Co. Fire & Emergency Service | $ 300.00 |

Plaintiff reserves his right to amend the above amounts and include additional amounts of expenses based on further information.

15.

As a direct and proximate result of Defendant's tort liability for defective airbag in the aforesaid collision, Plaintiff Hoque will continue to suffer bodily injuries, physical, and mental pain, and will incur future expenses for medical attention and treatment in an amount to be proven at trial.

16.

As a direct and proximate result of Defendant's tort liability for defective airbag in the aforesaid collision, Plaintiff Hoque has suffered and will continue to suffer loss of income and capacity to earn in future because of permanent nature of disability from bodily injuries, physical, and mental pain, in an amount to be proven at trial.

17.

On or about 08-27-2007, Plaintiff was employed by Echospere, LLC of Englewood, CO on full time basis at rate of $9.70 per hour. Plaintiff has not able to return to his job because of physical disability suffered from the airbag.

18.

As a direct and proximate result of Defendant's tort liability for defective airbag in the aforesaid collision, Plaintiff Hoque have suffered and will suffer permanent disability and diminished physical capacity entitling Plaintiff to damages in an amount to be proven at the trial.

19.

As a direct and proximate result of Defendant's tort liability for defective airbag causing the bodily injury to Plaintiff Hoque in the aforesaid collision, Plaintiff Hoque's wife Shahana Hoque has suffered loss of consortium of Plaintiff Mohammed Hoque's

company, love and affection, and spousal services in an amount to be proven at the trial.

20.

Defendant has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense, and therefore Plaintiff is entitled to recover its costs and expense of litigation, including attorney's fees for prosecuting this action.

WHEREFORE, Plaintiff Mohammed Hoque demands judgment against Defendant for compensatory damages as follows:

A. Amount to be proven at the trial for past and present medical expenses;

B. Amount to be proven at the trial for past, present and future pain and suffering, permanent disability, and diminished physical capacity;

C. Amount to be proven at the trial for past, present and future loss of salary and income.

D. Amount to be proven at the trial for upon the evidence presented at the trial for loss of consortium damages to Plaintiff's Shahana Hoque.

E. That Defendant be served with summons, process and a copy of this Complaint as provided by law;

F. Amount to be proven at the trial for Attorney fees and expense of litigation;

G. Any other and further relief as deemed just by the Court.

Dated: 7/28/2009

Submitted by:
Udai V. Singh
Attorney for Plaintiffs

Udai V. Singh, P.C.
2282 Birdie Lane
Duluth, GA 30096
770-300-0894, Fax: 770-300-0893

IN THE STATE OF COURT OF FULTON COUNTY
STATE OF GEORGIA

MOHAMMED A. HOQUE
SHAHANA HOQUE

PLAINTIFFS

v. CIVIL ACTION NO. ______________

TOYOTA MOTORS SALES, USA, INC.

DEFENDANT

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT; and PLAINTIFF'S FIRST REQUEST TO DEFENDANT FOR ADMISSIONS OF FACT**

**TO:** Above named Defendant

Pursuant to O.C.G.A. 9-11-33, Plaintiff requests that Defendant respond separately, in writing and under oath, to the following Interrogatories within thirty (30) days from the date of service as provided by law, with a copy of the responses being served upon the undersigned counsel of record for Plaintiff.

Defendant is required when responding to these Interrogatories to furnish all information available to it and its attorneys, agents, representatives, employees and anyone else acting on Defendant's behalf. These Interrogatories are deemed to be continuing so as to constitute new requests for supplementation of prior answers and responses and thereby to require Defendant to serve supplemental answers and Defendant's behalf acquire any additional information called for by these Interrogatories. Such supplemental answers and responses shall be served within a reasonable period after learning of such additional and supplemental information, but at least ten (10) days to trial.

**INTERROGATORIES**

1. Identify all individuals preparing or aiding in the preparation of the Answers to these Interrogatories, stating for each such individual their name, current address and telephone number.

2. Identify all persons whom you contend have knowledge of the facts relating to the subject matter of the above styled action which supports or tend to support the denials, assertions, and allegations as set forth in Plaintiff's Complaint, stating for each such person their name, address and telephone number. Further, provide a brief statement of the facts to which each such person has knowledge.

3. Identify all documents, by title and date, which you contend evidence or tend to support the denials, assertions and allegations as set forth in Plaintiff's Complaint. Further, identify the name, address and telephone number of the current custodian for each such document.

4. Describe or state the contents (or attach copies hereto) of all promotional , instructional, advertising and servicing materials provided by Defendant to retailers, distributors, purchasers, or public about or applicable to the any airbag of 1994 Toyota Camry or later models.

5. State whether Defendant has knowledge of any lawsuit, complaint, correspondence, communications, concerning the airbags in Toyota Camry.

6. State and identify the entity, if other than Defendant, that installed the airbag on the 1994 Toyota Camry that is subject matter of this civil action.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

**TO:** Above named Defendant

Plaintiff in the above-styled action hereby serves upon you the following Request for Production of Documents pursuant to the provisions of O.C.G.A section 9-11-34.

You are hereby requested to respond separately, in writing, to the following Request for Production of Documents and to serve a copy of said response upon Plaintiff's attorney within thirty (30) days of the date of service of the herein request. You are further requested to produce the documents hereinafter identified at **9:00 o'clock A.M. on the thirtieth (30th)** day after service of the herein request at the offices of Plaintiff's counsel of record, to wit: **Udai V. Singh, 2282 Birdie Lane, Duluth, GA 30096 for inspection and copying.**

DEFINITION

As used herein, the term "document" refers to all handwritten, type written, printed steno graphically or electronically recorded and any and all other statements including, but not limited to, invoices, receipts, bills of lading, shipping orders, canceled checks, money order receipts, cashier's check receipts, credit card charge slips, memoranda, letters, other written correspondence, publications, statements of witnesses

or individuals or parties having knowledge of information which you contend supports or tends to support your allegations in this matter and any and all other such documents without limitation.

DOCUMENTS TO BE PRODUCED

1. Each and every statement, printed or graphic representation, catalogue, circular, manual, brochure, report, memorandum, transcript, communication, letter, label, advertisement, or other documents produced, distributed, or propounded by or on behalf of Defendant which mentions, describes, or otherwise refers to the qualities, capabilities, warnings, dangers, limitations, or propensities of the airbags in Toyota Camry since 1994.

2. Each and every statement, printed or graphic representation, catalogue, circular, manual, brochure, report, memorandum, transcript, communication, letter, label, advertisement, directions, procedure, or other document produced, distributed, or propounded by or on behalf of Defendant which mentions, describes, warns, or otherwise refers to any precaution driver of 1994 Toyota Camry should take to prevent harm or injuries from the use of the airbags in Toyota Camry since 1994.

3. Each and every statement, printed or graphic representation, catalogue, circular, manual, brochure, report, memorandum, transcript, communication, letter, label, advertisement, or other documents produced, distributed, or propounded by or on behalf of Defendant which mentions, describes, or otherwise refers to any warning, instruction, or direction for the benefit of the driver or passenger, or user of Toyota Camry and its airbag since 1994.

**PLAINTIFF'S FIRST REQUEST TO DEFENDANT FOR ADMISSIONS OF FACT**

TO: Above named Defendant

Pursuant to O.C.G.A. 9-11-36, Plaintiff requests that Defendant, within thirty (30) days after service of the herein requests, make the following admissions for the purpose of this action and subject to all pertinent objections as to admissibility.

The responses should specifically admit or deny the matter or set forth in detail the reasons why Defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendant qualify a response or deny only a part of the matter for which an admission is requested, Defendant shall specify so much of it as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant states that it has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the Defendant to admit or deny.

Defendant is advised that if it fails to admit the truth of any matter requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will apply to the Court for an order requiring Defendant to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

1. Admit Defendant, or other entity on Defendant's behalf, assembled and placed in the channel of trade and commerce the 1994 Toyota Camry identified in paragraphs 3, 5 and 6 of Complaint in this civil action and ultimately owned and operated by Plaintiff Mohammad Hoque.

2. Admit Defendant had knowledge, before and after 1994, about driver of Toyota Camry suffered, minor or severe, eye injuries from the deployment of driver side airbag.

Dated: 7/28/2009

Submitted by:

Udai V. Singh
Attorney for Plaintiff
GA. Bar No. 649040

Udai V. Singh, Attorney
2282 Birdie Lane, NW
Duluth, GA 30096
ph: 770-300-0894;
fax: 770-300-0893

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION NO. 09EV007914 FROM THE STATE COURT OF FULTON COUNTY, STATE OF GEORGIA** upon all counsel of record by depositing a copy of same in the U.S. mail, addressed as follows:

Udai V. Singh
Udai V. Singh, P.C.
2282 Birdie Lane
Duluth, Georgia 30096

This 28 th day of August, 2009.

Harold E. Franklin, Jr.